## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| FAUSTO ROLANDO CRIOLLO LOJANO, <br><br> Petitioner, <br><br> v. <br><br> LUIS SOTO, *et al.*, <br><br> Respondents. | Civil Action No. 26-2936 (JXN) <br><br> **MEMORANDUM AND ORDER** |

**NEALS**, District Judge

Before the Court is Petitioner Fausto Rolando Criollo Lojano's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his continued detention by immigration authorities without an individualized bond hearing (Habeas Pet., ECF No. 1) and Respondents' ("Respondents" or "Government") letter response (Resp., ECF No. 5).

Petitioner, a citizen of Ecuador, entered the United States without inspection at an unknown time.[1] (*Id.* at 1.) On March 16, 2026, Immigration Customs and Enforcement ("ICE") agents arrested Petitioner; he has been in ICE detention since his arrest. (*Id.* at 2.) Following Petitioner's ICE arrest and detention, he has not been afforded an individualized bond hearing because he is purportedly being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

On March 31, 2026, the Court ordered Respondents to file an answer. (*See* Order, ECF No. 3.) On April 6, 2026, the Government filed a letter response. (Resp.)

The Petition contends that Petitioner's detention is unlawful. (*See generally* Habeas Pet.) The Government does not dispute the salient facts and acknowledges that here they assert the same

---

[1] Petitioner, however, claims he has been in the United States since 2004. (*See* Habeas Pet. ¶ 2.)

position they have in many other similar cases in this District, including the position they took before this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797, 2025 WL 3653657 (D.N.J. Dec. 17, 2025). In *Fuentes Velasquez*, the Government argued the Department of Homeland Security ("DHS") has implemented a new policy interpreting the Immigration and Nationality Act ("INA") § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, 2025 WL 3653657 at * 2.

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *See generally id.* The Court rejected the contention that § 1225(b)(2) provides the authority to mandatorily detain noncitizens who have resided within the United States for a considerable period simply because they were not admitted or paroled upon inspection at the border. *See id.* The Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and could only be properly detained under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*[2]

Based on this Court's statutory interpretation in *Fuentes Velasquez*, the Court finds the facts asserted in the Petition establish that Petitioner cannot be mandatorily detained under § 1225(b)(2) as he has resided in the United States for several years after entry without admission or parole, and his continued detention under that statute is unlawful. Petitioner's § 2241 Petition must therefore be granted.

---

[2] *See also, Fajardo -Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026) (holding that petitioner's continued immigration detention under 8 U.S.C. § 1225(b)(2) was unlawful); *Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at *3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).

The Government argues that if the Court finds that § 1225(b)(2) does not apply to Petitioner—which it has—a bond hearing under § 1226(a) is the only remedy available to Petitioner. (Resp. at 2.) Although Petitioner may be lawfully subject to detention under 8 U.S.C. § 1226(a), "the Government did not attempt to follow the requirements of that statute in taking him into custody, nor have they used that statute as a basis for his detention, nor have they provided him the bond hearing to which he is entitled under that statute." *Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *1 (D.N.J. Mar. 2, 2026). The Court will not correct the Government's unlawful application of § 1225(b)(2) and detention of Petitioner by converting Petitioner's detention to "potentially lawful alternate form under a different statute with different procedural requirements and rules." *Id.* at *2 (granting Petitioner's habeas petition and ordering Petitioner's release based on the Government's flawed application of § 1225(b)(2)). The Government detained Petitioner unlawfully under § 1225(b)(2), and the Court has found that he is not subject to detention under that statute. Therefore, the Government shall release Petitioner from custody. Accordingly,

**IT IS**, on this 7th day of April 2026,

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention within twenty-four (24) hours of the entry of this Memorandum and Order, under the same conditions, if any, that existed prior to his detention; it is further

**ORDERED** that Respondents shall return to Petitioner all personal property belonging to Petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted

3

or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that within **three (3) days** of the date of entry of this Memorandum and Order, Respondents shall file a written notice on the docket confirming Petitioner's release from custody; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2), which the Court has found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum and Order upon the parties electronically and **CLOSE** the case.

JULIEN XAVIER NEALS
United States District Judge

4